**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| Alexis Worthington, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No.: 1:26-cv-1603 |
| | ) |
| Portfolio Recovery Associates, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND REGULATION F

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA") and Regulation F, 12 C.F.R. Part 1006, *et seq*. (hereinafter referred to as "Regulation F"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA and Regulation F is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

1

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Alexis Worthington, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Portfolio Recovery Associates, LLC, a debt collection agency and/or debt purchaser operating from an address at 120 Corporate Blvd, Suite 100, Norfolk, VA 23502.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. Prior to April 30, 2026, the Defendant had reported to Experian credit reporting agency that the Plaintiff owed a debt to its client.

27. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

28. On April 30, 2026, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto*.

29. On May 4, 2026, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto*.

30. Upon information and belief, Respondent received the aforementioned letters. The law presumes timely delivery of a properly addressed piece of mail. *See* Hagner v. United States, 52 S.Ct. 417, 430, 285 U.S. 427, 76 L.Ed. 861 (1932)("[t]he rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"); *see also* Bobbit v. Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001); Hayes v. Potter, 310 F.3d 979, 982 (7th Cir. 2002) ("We will generally presume timely delivery of properly addressed mail"); Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197 (9th Cir. 1999)(applying the Mailbox Rule to an FDCPA case); In re Bruce, 610 B.R. 603 (Bankr.E.D. Wis. 2019); Lavallee v. Med-1 Solutions, LLC, 2017 U.S. Dist.LEXIS 162508 at *8 - *9 (S.D. Ind. 2017)(Applying the Mailbox Rule to an FDCPA case).

31. These letters indicated that Plaintiff disputed the debt that Defendant is attempting to collect. Section 1692e(8) does not require an individual's dispute be valid or reasonable. Instead, the plaintiff must simply make clear that he or she dispute the debt. Evans v. Portfolio Recovery Associates, 2018 U.S.App. LEXIS 11372 *14 (7th Cir. 2018); *see also* DeKoven v. Plaza Associates, 599 F.3d 578, 582 (7th Cir. 2010)("[A] consumer can dispute a debt for 'no reason at all . . .'").

32. On June 29, 2026, the Plaintiff obtained and reviewed a copy of their Experian credit report. *See Exhibit "3" attached hereto*.

33. On June 29, 2026, the Defendant was continuing to report the Plaintiff's debt to it without indicating that the debt was disputed. *See Exhibit "3" attached hereto*.

34. The Experian credit report dated June 29, 2026, indicates that it was last reported or verified June 9, 2026. *See Exhibit "3" attached hereto*.

35. The Experian credit report dated June 29, 2026, fails to indicate that the debt was disputed by the consumer. *See Exhibit "3" attached hereto*.

36. By failing to communicate that the debt at issue was disputed, Defendant violated the FDCPA. Evans v. Portfolio Recovery Assocs., 2018 U.S. App.LEXIS 11372 *12 – 13

(7th Cir. 2018) ("Despite receiving the Letters, PRA still reported plaintiffs' debts to credit reporting agencies without noting that the debt amounts were disputed.  This is a clear violation of the statute"); *see also*, <u>Sayles v. Advanced Recovery Systems, Inc.</u>, 865 F.3d 246 (5th Cir. 2017).

37. The Defendant's violation of the FDCPA is material because Defendant's failure to update their credit report would make an unsophisticated consumer believe that they did not have the rights Congress had granted to them under the FDCPA.  This alleged violation of the FDCPA is sufficient to show an injury-in-fact.  <u>Evans v. Portfolio Recovery Assocs.</u>, 2018 U.S. App. LEXIS 11372, *8-*9 (7th Cir. 2018); *See also* <u>Sayles</u>, *supra*, 865 F.3d at 250 (debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating"). Defendant's collection actions alarmed, confused, and distressed Plaintiff. Defendant's violation had a negative impact on Plaintiff's credit rating, impaired their credit rating and their ability to obtain credit.

38. The Defendant's violation of the FDCPA is a material violation of the statute.  Indeed, as the Seventh Circuit Court of Appeals stated, "[p]ut simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score". <u>Evans</u>, *supra*, at *20.

39. The Plaintiff's injury in this matter is related closely to the harm caused by defamation. As the Seventh Circuit Court of Appeals stated, "[r]eputational harm of this sort is a real-world injury; being portrayed as a deadbeat who does not pay her debts has real-world consequences." <u>Ewing v. Med-1 Solutions</u>, LLC, 24 F.4th 1146, 1154 (7th Cir. 2022).

40. The Seventh Circuit has repeatedly held that continued reporting of a disputed debt, while failing to note that the debt has been disputed, is always material because it always impacts a credit rating, *see, e.g.,* <u>Evans v. Portfolio Recovery Associates, LLC</u>, 889 F.3d 337, 349 (7th Cir. 2018)("[T]he  failure to inform a credit reporting agency  that the debtor disputed his or her debt will always have influence  on the debtor, as this information  will be used to determine the debtor's credit score."); <u>Ewing v. Med-1 Solutions</u>, LLC, 24 F.4th 1146, 1151-1154 (7th Cir. 2022). (finding that such violations of the FDCPA  are material where a consumer's evidence  that her credit score rose once her credit report reflected her other disputed debts was sufficient to show that she had been harmed.); *see also*, <u>Pierre v. Midland  Credit Management,</u> 2022 U.S. App. LEXIS 8770, at [*7] (7th Cir. Apr. 1, 2022)(*citing* <u>Ewing</u>, and stating:" We found standing…where a debt collector failed to notify a credit-reporting agency that the Claimants had disputed the debts in question. There was evidence  that the statutory violations caused the Claimants' credit scores to decline.").

41. As a result of Defendant's failure to note the debt at issue in this matter as disputed, Plaintiff printed their credit report and reviewed the credit report. Further, Plaintiff took the time to discuss the aforementioned error with their attorney. *See Exhibit "3" attached hereto.*

42. On July 30, 2026, as a result of Defendant's wrongful conduct, Plaintiff had their attorney send a letter to Defendant regarding this matter. *See Ex. 4 attached hereto.*

43. Furthermore, §1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law defamation/fraud principle that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely that the debt is disputed.

44. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of paragraphs 1 through 44 of the complaint are realleged and incorporated herein by reference.

2. The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer. *See* 15 U.S.C. 1692e(8) ("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); Evans v. Portfolio Recovery Assocs., 2018 U.S. App.LEXIS 11372 (7th Cir. 2018); *see also* Hoffman vs. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. 1993); Brady vs. Credit Recovery Co., Inc., 160 F.3d 64, 65 (1st Cir. 1998)(Section 1692(e)(8) requires debt collector who knows, or should know, that a given debt is disputed to disclose its disputed status. This standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired); Finnegan vs. Univ. of Rochester Med. Ctr, 21 F.Supp.2d 223 (W.D.N.Y. 1998); 1st Nationwide Collection Agency, Inc. v. Werner, 654 S.E.2d 428 (Ga.Ct.App. 2007); Randall vs. Midland Funding, LLC, 2009 WL 2358350 (D. Neb. 2009); Kinel v. Sherman Acquisition II, L.P., 2007 WL 2049566 (S.D.N.Y. 2007); Acosta v. Campbell, 2006 WL 146208 (M.D. Fla. 2006); *see also* Daley vs. A & S Collection Associates, Inc., 717 F.Supp.2d 1150 (D.Oreg. 2010)(summary judgment issued for Plaintiff when the Defendant communicated credit information to credit reporting agency which it knew or should have known to be false); Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836 (D.Ariz. 2011)(holding that bona fide error defense did not excuse debt collector's error in failing to report that debt was in dispute). Irvine v. I.C. Sys., Inc., 176 F.Supp.3d 1054, 1064 (D. Colo. 2016)(finding summary judgment for plaintiff on her § 1692e(8) claim appropriate where she alleged that defendant communicated the debt on plaintiff's account to CRAs, "but failed to communicate the material piece of information that the balance was disputed"); O'Fay v. Sessoms & Rogers, P.A., 2010 WL 9478988, at *8 (E.D.N.C. 2010)(granting plaintiff's motion for partial summary judgment on her § 1692e(8) claim, finding that "when [the debt collector] communicated with the [CRAs] about the disputed debt, it was required to convey that plaintiff disputed her debt to the [CRAs]," but that its "failure to do violated § 1692e(8), and the debt collector has not offered any evidence to rebut plaintiff's claim); Flores v. Portfolio Recovery Associates, LLC, 2017 WL 5891032 (N.D. Ill. 2017); Finnegan vs. Univ. of Rochester Med. Ctr, 21 F.Supp.2d 223 (W.D.N.Y. 1998); Francisco v. Midland Funding, LLC, 2019 WL 498936 (N.D. Ill. 2019); Register v. Reiner, Reiner, & Bendett, 488 F.Supp.2d 143 (D. Conn. 2007); Bielawski v. Midland

<u>Funding, LLC</u>, 2019 WL 4278042 (N.D. Ill. 2019);  <u>Hall v. Southwest Credit Systems, LP</u>, 2019 WL 1932759 (D. DC 2019)(denying debt collector's bona fide error defense that it could not locate the applicable account despite having the consumer's correct last name, last four of her social security number, among other pieces of information).

3.    The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

4.    The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

5.    The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

6.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Second Claim for Relief:**
**Violation of Regulation F**

1.    The allegations of paragraphs 1 through 44 of the complaint are realleged and incorporated herein by reference.

2.    The Defendant's acts and omissions constitute a violation of 12 C.F.R. §1006.18(c )(2).

3.    As a result of the above violations of the FDCPA, Defendant is liable to Claimant for actual damages, statutory damages of $1,000 per Defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1.    A finding that the Defendant violated the FDCPA and/or Regulation F and/or an admission from the Defendant that it violated the FDCPA and/or Regulation F.

1.    Actual damages under 15 U.S.C. § 1692k(a)(1).

2.    Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com